

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 APR 28 AM 9: 47

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 69542-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SARAH JANE WIXOM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

LAU, J. — Sarah Wixom appeals her drug possession convictions on the ground that she was unlawfully seized when a police officer asked her to identify herself while investigating a report that a male driver may have punched his female passenger. Because Wixom failed to move for suppression of the drug evidence on this basis below, and because she has not demonstrated "manifest error affecting a constitutional right" under RAP 2.5(a)(3), we decline to review her untimely claim. We affirm.

### FACTS

Wixom assigns no error to any of the trial court's findings of fact entered after her pretrial suppression motions. Unchallenged findings are verities on appeal. State v.

O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Those findings establish the following facts.

On October 17, 2011, City of Mount Vernon Police Officers Shaddy, Oster, and Gerondale responded to an eyewitness report that a male driver may have punched his female passenger before stopping in a Walmart parking lot. When Officer Shaddy located the vehicle, Wixom was standing outside. The driver exited the vehicle and immediately approached Officer Shaddy while fidgeting and speaking rapidly. Wixom, who was clearly upset, yelled profanity at Officers Shaddy and Oster while they handcuffed the driver. Officer Gerondale left the scene to locate the eyewitness. Officer Shaddy frisked the driver and found methamphetamine in his pocket.

Wixom continued to yell as Officer Oster attempted to discuss the reported assault with her. Wixom insisted the driver did not hit her and said the eyewitness must have called in a false report. At this point, Officer Oster asked Wixom to identify herself. Wixom said her name was "Sarah J. Bixom" and her birth date was August 6, 1986. A computer search using this information turned up no results. Officer Oster, having just learned the driver's vehicle was registered to a "Barbara Wixom," asked Wixom if her last name was actually "Wixom." Wixom acknowledged it was. She maintained, however, that her birth date was August 6, 1986. Following another unsuccessful computer search, Wixom acknowledged her birth date was actually August 6, 1983.

Officer Oster arrested Wixom for providing a false statement. During a search of Wixom's jacket, Officer Shaddy located methamphetamine in a wallet. The police impounded the vehicle and later executed a search warrant. The search revealed methamphetamine in the vehicle's trunk and center console. A search of a purse on the

passenger floorboard revealed a receipt and a pill bottle bearing Wixom's name, as well as an Alprazolam pill bottle bearing the name "William Carnahan."

The State charged Wixom by amended information with two counts of methamphetamine possession and one count of Alprazolam possession. Following a bench trial on stipulated facts, the court convicted Wixom of Alprazolam possession and one count of methamphetamine possession. Wixom appeals her convictions.

## ANALYSIS

Wixom's assignment of error states, "The officer violated article I, section 7, when he demanded that Ms. Wixom provide identifying information." Br. of Appellant at 1. She claims she was "seized as a matter of law when the officer first asked her to identify herself." Br. of Appellant at 8. She concludes, "Because Ms. Wixom was unlawfully seized, the evidence obtained during the subsequent search of her person and car must be suppressed, and her case dismissed." Br. of Appellant at 13. For the reasons discussed below, we conclude Wixom failed to preserve this issue for appeal.

"As a general rule, appellate courts will not consider issues raised for the first time on appeal." State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995); see also RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court."). An appellant waives a suppression issue if he or she failed to move for suppression on the same basis below. See State v. Garbaccio, 151 Wn. App. 716, 731, 214 P.3d 168 (2009) ("Because [the defendant's] present contention was not raised in his suppression motion, and because he did not seek a ruling on this issue from the trial court, we will not consider it for the first time on appeal.").

Wixom waived her assignment of error by raising it for the first time on appeal. As discussed below, Wixom filed three suppression motions. None raised the present issue—whether all physical evidence must be suppressed because Officer Oster unlawfully seized Wixom when he first asked her to identify herself.

Wixom filed her first suppression motion on March 21, 2012. She raised no unlawful seizure issue and limited her request to suppression of the methamphetamine found on her person.[1] She claimed the search of her person was unconstitutional because the police officer lacked probable cause to arrest her for obstructing a law enforcement officer. At a hearing on the motion held on April 4, 2012, the trial court displayed some confusion regarding the issues presented by the motion. The prosecuting attorney stated, "It's whether there was PC to arrest." Report of Proceedings (RP) (Apr. 4, 2012) at 19. Defense counsel expressed no disagreement. He merely added, "And we're asking to suppress the evidence that was on her person at this point." RP (Apr. 4, 2012) at 19. In an oral ruling, the court agreed that the police lacked probable cause to arrest Wixom for obstruction. But it declined to order suppression, ruling an evidentiary hearing was needed to determine if the police had probable cause to arrest Wixom for making false statements to a public servant.[2]

---

[1] At the time Wixom filed her first suppression motion, she faced a single possession charge associated with the methamphetamine found during the search of her person incident to arrest. Approximately a week later, the State charged two additional counts to account for drugs found during the postarrest vehicle search. As stated above, Wixom now seeks suppression of all physical evidence—that is, of the drugs found both on her person and in the vehicle.

[2] On June 8, 2012, the court entered written findings and fact and conclusions of law memorializing its April 4, 2012 oral ruling. It made no ruling as to whether an unlawful seizure occurred when Officer Oster asked Wixom to identify herself.

The court set an evidentiary hearing for May 9, 2012. Prior to the hearing, Wixom filed a second suppression motion. Again, she raised no unlawful seizure issue. She instead argued, "The search of Ms. Wixom's person, pursuant to an arrest for an alleged violation of RCW 9A.76.175 [the criminal statute prohibiting material false statements to a public servant], was illegal because the statute is unconstitutional as applied to her and upon statutory construction."[3] Although she asserted she was "clearly seized and searched without a warrant," context shows this assertion supported her overarching claim that the <u>arrest</u> was unlawful.

At the May 9, 2012 evidentiary hearing, the court identified the dispositive issues as "whether or not the statement by [Wixom] was material, and whether it was made to an officer who was in the official discharge of his duties." RP (May 9, 2012) at 101-02. In written orders entered on June 13, 2012, the court ruled (1) probable cause supported Wixom's arrest for making a false statement and (2) "RCW 9A.76.175 is not unconstitutionally vague or overbroad." It made no ruling as to whether an unlawful seizure occurred when Officer Oster asked Wixom to identify herself.

Wixom filed a third suppression motion on August 3, 2012. This time she challenged the sufficiency of the affidavit supporting issuance of the vehicle search warrant. Again, she raised no unlawful seizure issue. In a written order entered on October 4, 2012, the court upheld the search warrant. It made no ruling as to whether an unlawful seizure occurred when Officer Oster asked Wixom to identify herself.

---

[3] RCW 9A.76.175 provides: "A person who knowingly makes a false or misleading material statement to a public servant is guilty of a gross misdemeanor. 'Material statement' means a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties."

The record shows Wixom raised the present seizure issue for the first time on appeal. She cites to nothing in the record indicating that she raised this issue before the trial court. Review is discretionary unless Wixom can demonstrate the issue constitutes "manifest error affecting a constitutional right." RAP 2.5(a)(3).

To take advantage of RAP 2.5(a)(3), Wixom bears the burden to show the alleged error is "truly of constitutional dimension," and that it resulted in actual prejudice. State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). Wixom fails to carry this burden because she never cites RAP 2.5(a)(3) or discusses its applicability.[4] "In analyzing the asserted constitutional interest, we do not assume the alleged error is of constitutional magnitude." O'Hara, 167 Wn.2d at 98; see also State v. Montgomery, 163 Wn.2d 577, 595, 183 P.3d 267 (2008) (construing RAP 2.5(a)(3) narrowly).

Further, "[i]f the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." McFarland, 127 Wn.2d at 333. Our record lacks necessary facts.

"Not every encounter between an officer and an individual amounts to a seizure." State v. Nettles, 70 Wn. App. 706, 709, 855 P.2d 699 (1993). For purposes of article I, section 7, a seizure occurs when, "when considering all the circumstances, an individual's freedom of movement is restrained and the individual would not believe he or she is free to leave or decline a request due to an officer's use of force or display of authority." State v. Rankin, 151 Wn.2d 689, 695, 92 P.3d 202 (2004). Generally speaking, "[a]n officer's request for identification, without more, is not a seizure." State

---

[4] The State argues, "[T]he situation does not present a manifest error affecting a constitutional right that permits [Wixom] to raise the issue of when she was seized for the first time on appeal under RAP 2.5(a)." Resp't's Br. at 14.

v. Smith, 154 Wn. App. 695, 700, 226 P.3d 195 (2010); see also State v. Bailey, 154 Wn. App. 295, 300, 224 P.3d 852 (2010) ("[A]n officer may ask for an individual's identification in the course of a casual conversation.").

Because Wixom did not make her suppression argument below, few details surrounding the alleged unlawful seizure were developed. Accordingly, the record is insufficient to review the issue for the first time on appeal and the alleged error is not manifest. We decline to consider it for the first time on appeal. RAP 2.5(a); State v. Mierz, 127 Wn.2d 460, 468, 901 P.2d 286 (1995); State v. Baxter, 68 Wn.2d 416, 422-23, 413 P.2d 638 (1966).

We affirm the convictions.

WE CONCUR:

Cox, J